IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RONALD EARLE RUSHIN,[1]<br>aka Ronald Ash, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-030 |
| | ) | |
| DEPUTY WARDEN TREBLE;<br>WARDEN FILBURN;<br>DEPUTY WARDEN McGREW;[2]<br>DEPUTY WARDEN SHELTON;<br>LIEUTENANT McNIEL; and,<br>UNIT MANAGER WOMBLE, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown,

Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C.

§ 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS**

---

[1]As evidenced in Plaintiff's filing history discussed herein, Plaintiff frequently files under the name "Ronald Ash." The Georgia Department of Corrections prisoner identification number for "Ronald Ash" is identical to the one provided by Plaintiff in the instant case. See http://www.dcor.state.ga.us; follow Find an Offender Link; search "Rushin, Ronald" (last visited Feb. 20, 2018). Accordingly, the Court **DIRECTS** the **CLERK** to include "aka Ronald Ash" with Plaintiff's name on the docket.

[2]The Court **DIRECTS** the **CLERK** to update the spelling of Defendant McGrew's last name on the docket in accordance with the caption of this Order, which is consistent with Plaintiff's complaint. (Doc. no. 1, pp. 1, 4.)

Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED**

without prejudice.

## I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply

with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical
> injury.

"This provision of the PLRA, commonly known as the three strikes provision,

requires frequent filer prisoners to prepay the entire filing fee before federal courts may

consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)

(internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199

(2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does

not violate an inmate's right to access the courts, the doctrine of separation of powers, an

inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

## II.   DISCUSSION

### A.   The Case Should Be Dismissed Because Plaintiff Has Three Strikes Under § 1915(g) and Does Not Qualify for the Imminent Danger Exception, and Therefore He Cannot Proceed IFP.

A review of Plaintiff's history of filings reveals that he has brought at least three

cases that were dismissed as frivolous or for failure to state a claim upon which relief may be

granted:  (1) <u>Rushin v. Obriens</u>, 1:10-CV-02106, doc. no. 2 (N.D. Ga. July 29, 2010) (frivolous);

(2) <u>Ash v. Adamson</u>, 4:10-CV-55, doc. nos. 7, 12 (M.D. Ga. June 30, 2010) (failure to state a claim

and frivolous); and (3) <u>Rushin v. Freeman</u>, 1:05-CV-01699, doc. no. 2 (N.D. Ga. Aug. 16, 2005)

(frivolous).  <u>See also</u> <u>Rushin v. McGre[w]</u>, 1:17-CV-5479, doc. nos. 3, 5 (N.D. Ga. Feb. 8,

2018) (collecting cases counted as strikes and dismissing case under § 1915(g)).  Because

Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case

unless he can demonstrate that he qualifies for the "imminent danger of serious physical

injury" exception to § 1915(g).  <u>Mitchell v. Nobles</u>, 873 F.3d 869, 873 (11th Cir. 2017).

"[A] prisoner's allegation that he faced imminent danger sometime in the past is an

insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger

exception to the statute."  <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999).  Rather,

in order to come within the imminent danger exception, a prisoner must be in imminent

danger at the time he files suit in district court.  <u>Id.</u>  Moreover, vague and conclusory

allegations of imminent serious physical injury will not suffice.  <u>See</u> <u>Brown v. Johnson</u>, 387

F.3d 1344, 1350 (11th Cir. 2004) (citing with approval Eighth Circuit precedent that

conclusory allegations that defendant were trying to kill plaintiff insufficient to satisfy

imminent danger exception); <u>Odum v. Bryan Judicial Circuit</u>, No. CV 4:07-181, 2008 WL

766661, at *1 (S.D. Ga. Mar. 20, 2008); <u>Margiotti v. Nichols</u>, No. CV 3:06-113, 2006 WL

1174350, at *2 (N.D. Fla. May 2, 2006) (citation omitted).  Here, Plaintiff generally

complains he is at risk of harm at ASMP because prison officials are trafficking in narcotics,

which results in Plaintiff living "with maniac, sycopath (sic) and fools on ice."  (Doc. no. 1,

p. 5.)  However, "[i]n the [prison] setting, a risk of harm to some degree always exists by the

nature of its being a [prison]."  Purcell *ex rel.* Estate of Morgan v. Toombs Cty., Ga., 400

F.3d 1313, 1323 (11th Cir. 2005).

Nor will Plaintiff's conclusory allegation that an unnamed prison officer allowed an

inmate to "jump on" Plaintiff suffice.  (Doc. no. 1, p. 5.)  Plaintiff provides no specific

details about this alleged incident and does not allege he was harmed in any way.  In fact, in

a witness statement attached to the complaint, Plaintiff complains he received a disciplinary

report after the incident because no injuries were reported and no fighting occurred.  (Doc.

no. 1-1, p. 2.)  In sum, Plaintiff's vague and conclusory allegations of harm fail to

demonstrate that he should be excused from paying the full filing fee under the "imminent

danger" exception to § 1915(g)'s three strike rule.

**B.      The Case Should Also Be Dismissed for Abuse of Judicial Process.**

Even if Plaintiff were not barred from proceeding IFP, the case is subject to dismissal

because Plaintiff provided dishonest information in his complaint.  The form complaint that

Plaintiff used to commence this case asks several questions regarding prior filing history,

including whether any lawsuits have been filed regarding the facts of this case and whether

any prior cases in which Plaintiff was permitted to proceed IFP were dismissed as frivolous,

malicious, or for failure to state a claim.   (See doc. no. 1, pp. 2-3.)  Plaintiff stated he (1) had

not filed any other lawsuits dealing with the same or similar facts as this case, (2) had never

filed any lawsuit while incarcerated or detained, and (3) had never had a case dismissed as

frivolous, malicious, or for failure to state a claim.  (Id.)

As noted above, Plaintiff has filed *at least* three cases that were dismissed as frivolous

or for failure to state a claim upon which relief may be granted.  He has also filed at least one

case dealing with similar facts to those alleged in this case.  See Rushin v. Treble, CV 118-023 (S.D. Ga. Feb. 6, 2018) (alleging prison officials trafficking in narcotics).  Thus, Plaintiff provided false information about his prior history on his complaint form.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint

and second amended complaint), *adopted by* <u>Alexander v. Salvador</u>, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., <u>Brown v. Wright</u>, CV 111-044 (S.D. Ga. June 17, 2011); <u>Hood v. Tompkins</u>, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).  Plaintiff's answers about filing other federal lawsuits, as well as the reason for dismissal, were blatantly dishonest, and therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 20th day of February, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6